THOMPSON, Judge.
R.J. Reynolds Tobacco Company (R.J. Reynolds) appeals an order of the Department of Revenue (DOR) which, inter alia, determined that the interest on the over-payments R.J. Reynolds made on its 1977 and 1978 corporate income taxes would accrue from the dates DOR was put on notice of such overpayments. R.J. Reynolds argues that the interest on the overpayments should begin to accrue on the dates the original tax returns were due. We find that under the circumstances R.J. Reynolds is entitled to interest on the overpayments from the dates it actually paid the taxes for the years in question and we reverse.
It is uncontroverted that pursuant to § 214.14, Fla.Stat., R.J. Reynolds is entitled to interest on the overpayments because DOR did not refund these overpayments within the time required by § 214.14. The only controversy involved is when the interest begins to accrue. We find no support for DOR’s “notice” interpretation of § 214.14.
Since R.J. Reynolds obtained a six-month extention for the filing of its corporate income tax return for each year herein, its 1977 return was due on October 1, 1978, and its 1978 return was due on October 1, 1979. However, R.J. Reynolds actually *525 paid its 1977 taxes on September 6, 1978 and its 1978 taxes on September 14, 1979. Since R.J. Reynolds did not pay its taxes by the original due dates, April 1, 1978, and April 1, 1979, such that DOR did not have use of the overpayments on these dates, we are unpersuaded by R.J. Reynolds’s argument that it is entitled to interest from the original due dates. However, we find that under these circumstances R.J. Reynolds is entitled to interest on the 1977 overpayment from September 6, 1978, the date it actually paid the 1977 tax, and to interest on the 1978 overpayment from September 14, 1979, the date it actually paid the 1978 tax. These are the dates from which DOR actually had use of the overpayments.
DOR’s order is reversed and the cause is remanded for entry of an order consistent with this opinion.
NIMMONS and BARFIELD, JJ., concur.